IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AUTUMN BERTELS,

    Plaintiff,

v.

FARM BUREAU PROPERTY AND
CASUALTY INSURANCE CO.,

    Defendant.

Case No. 20-2298-JWB

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's post-remand motion for summary judgment. (Doc. 122.) The motion is fully briefed and ripe for review. (Docs. 123, 125, 137.) The court GRANTS the motion for summary judgment because Plaintiff lacks standing.

**I.    Background[1]**

Much of the factual background of this case is irrelevant to the court's decision. And the court presumes the parties are familiar with the facts outlined in its prior order. (Doc. 111.) For purposes of the current motion, this case stems from a two-vehicle accident on October 15, 2010, where Plaintiff Autumn Bertels was a passenger in a car driven by her grandmother. Plaintiff's grandmother died due to the injuries she sustained, and Plaintiff also sustained severe injuries. Plaintiff's family informed Defendant in December 2010 that they had retained Steven Sanders as an attorney. By April 15, 2011, six months later, no one had made a claim against Plaintiff's grandmother; no estate had been opened. Sanders filed a petition in Jefferson County, Kansas, to open a probate estate for Plaintiff's grandmother on August 25, 2014. Plaintiff sued the estate (by

---

[1] Unless noted otherwise, the court draws all facts from the stipulated facts in the Pretrial Order. (Doc. 83.)

and through Next Friend Lisa Swigert) alleging that her grandmother's negligent vehicle operation contributed to or caused her injuries.[2] Plaintiff and the estate entered a covenant not to execute in July 2016. This covenant provided that,

- The case would have a bench trial;

- The estate would not object to Plaintiff's evidence and would permit Plaintiff to submit evidence by report or affidavit;

- The estate would not seek judgment as a matter of law, file post-trial motions, or appeal the verdict of the court;

- In the event of an award against the estate, the estate agreed to assign any and all rights or causes of action it may have against Farm Bureau to Plaintiff;

- In exchange for the covenant, Plaintiff agreed not to execute any judgment against the estate's assets.

(Doc. 85-6 at 1; Doc. 83 at 5; Doc. 123 ¶ 71.) Elsewhere in the agreement, Plaintiff agreed to pay for the administrator's hourly fees, the legal fees of any independent counsel hired by the estate, and any related costs or expenses. (Doc. 85-6 at 2.) The case was transferred from Jefferson County to Johnson County in 2017. Subsequently, the estate did not move for judgment as a matter of law or assert the nonclaim statute defense at the hearing in Johnson County District Court. (Doc. 123 ¶ 71.) Judgment was issued against the estate for $15,758,245.20; sixty percent of fault for the accident was attributed to Plaintiff's deceased grandmother. (Doc. 125 ¶ 93.) Thereafter, Plaintiff, standing in the shoes of the estate per the covenant, sued Defendant in federal court for breach of contract for bad faith and negligent refusal to settle. The court granted summary

---

[2] The court will refer to Plaintiff for ease of reference because her interests were represented even though the state suit was brought via Swigert due to Plaintiff's minority.

judgment based on Defendant having no duty to initiate settlement when it had no notice Plaintiff was going to make a claim. (Doc. 111 at 7–10.) The Tenth Circuit reversed and remanded based on an intervening decision from the Kansas Supreme Court, *Granados v. Wilson*, 317 Kan. 34, 523 P.3d 501 (2023). (Doc. 119.) In its remand order, the Tenth Circuit directed the court to see whether *Granados* precluded summary judgment for Defendant and whether Defendant's alternative arguments provided a basis for summary judgment. (*Id.* at 2.) The Tenth Circuit specifically flagged concerns that Plaintiff may not have standing to sue due to the covenant failing for lack of consideration. (*Id.* at 11 n.5.)

## II.     Standard

"Regardless of the stage of litigation at which the court evaluates standing, the standing inquiry remains focused on whether the party invoking jurisdiction had a sufficient stake in the outcome when the suit was filed." *Rio Grande Found. v. Oliver*, 57 F.4th 1147, 1162 (10th Cir. 2023). Thus, the court must determine whether Plaintiff had a personal stake in the case at the time she filed her complaint considering all the evidence now before the court. *Id.* The facts are construed in the light most favorable to Plaintiff and the court makes all reasonable inferences in her favor. *Id.*

## III.    Analysis

Plaintiff's standing to sue depends on whether the covenant not to execute whereby the estate assigned its rights to Plaintiff is enforceable. *US Fax L. Ctr., Inc. v. iHire, Inc.*, 476 F.3d 1112, 1120 (10th Cir. 2007) ("If a valid assignment confers standing, an invalid assignment defeats standing if the assignee has suffered no injury in fact himself.").

Regarding the covenant, Defendant argues that from April 15, 2011, the Kansas nonclaim statute provided an absolute defense that protected the estate's assets beyond insurance policy

proceeds. (Doc. 123 at 13.) Therefore, the covenant not to execute lacked consideration because the estate received nothing of value in exchange for giving up all defenses and agreeing to a completely uncontested trial. (*Id.* at 14.) Plaintiff first argues that Defendant's argument overlooks that Plaintiff agreed to pay the estate's attorney's fees and expenses. (Doc. 125 at 28.) Plaintiff also argues that Defendant misinterprets the nonclaim statute because subsection two provides that an estate can be opened more than six months after a person's death for claims arising out of tort. (*Id.* at 29.) Plaintiff further argues that Defendant's argument ignores the judgment rule. (*Id.* at 32.) Plaintiff also argues for equitable estoppel and tolling. (*Id.* at 30–32.)[3]

The Kansas nonclaim statute provides as follows:

> (1) . . . . No creditor shall have any claim against or lien upon the property of a decedent other than liens existing at the date of the decedent's death, unless a petition is filed for the probate of the decedent's will pursuant to K.S.A. 59-2220 and amendments thereto or for the administration of the decedent's estate pursuant to K.S.A. 59-2219 and amendments thereto within six months after the death of the decedent and such creditor has exhibited the creditor's demand in the manner and within the time prescribed by this section, except as otherwise provided by this section.
> (2) Nothing in this section shall affect or prevent the enforcement of a claim arising out of tort against the personal representative of a decedent within the period of the statute of limitations provided for an action on such claim. For the purpose of enforcing such claims, the estate of the decedent may be opened or reopened, a special administrator appointed, and suit filed against the administrator within the period of the statute of limitations for such action. Any recovery by the claimant in such action shall not affect the distribution of the assets of the estate of the decedent unless a claim was filed in the district court within the time allowed for filing claims against the estate under subsection (1) or an action commenced as provided in subsection (2) of K.S.A. 59-2238 and amendments thereto. The action may be filed in any court of competent jurisdiction and the rules of pleading and procedure in the action shall be the same as apply in civil actions. Any such special administration shall be closed and the special administrator promptly discharged when the statute of limitations for filing such actions has expired and no action has been filed or upon conclusion of any action filed. All court costs incurred in a proceeding under this subsection shall be taxed to the petitioner.

---

[3] Plaintiff also appears to half-heartedly argue waiver by pointing out, *inter alia*, that Defendant did not raise a standing defense in its answer to her complaint. (Doc. 125 at 28.) Subject-matter jurisdiction, however, is a durable defense. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("Subject-matter jurisdiction can never be waived or forfeited.").

4

K.S.A. § 59-2239.  Therefore, a tort claim filed more than sixth months after an individual's death is not barred by the nonclaim statute, but recovery for the tort claim is limited to insurance proceeds because those liability insurance proceeds are not considered assets of the estate.  *Kannaday v. Ball*, 44 Kan. App. 2d 65, 234 P.3d 826, 830–31 (2010).  And "[c]onsideration may be any legal benefit or detriment.  However, forbearing to prosecute an unenforceable claim is no consideration at all."  *Id.* at 832.  Plaintiff argues that the nonclaim statute specifically provides for tardy tort claims, but this argument ignores the plain text of the statute prohibiting such claims from affecting the decedent's asset distribution.  Therefore, as an initial matter, Plaintiff's reading of the nonclaim statute is incorrect and her promise not to execute a judgment against the estate's assets was illusory because she was already limited to recovering only insurance proceeds.

This case resembles *Kannaday*, where the Kansas Court of Appeals reversed in part and remanded because the district court had conducted a trial based on the parties having entered a valid settlement agreement.  234 P.3d at 832–33.  There, the plaintiff had entered a contract whereby she received a consent judgment and an assignment of the defendant estate's claims against its insurer, and she agreed to not execute her anticipated judgment against the estate's assets.  *Id.* at 832.  At the ex parte hearing set forth in the settlement agreement, the district court found the decedent at fault and entered a $7,219,064.37 judgment against the estate.  *Id.* at 829.  On appeal, the estate argued for reversal in part based on the settlement agreement's invalidity.  *Id.* at 832.  Specifically, "Kannaday's promise not to collect any judgment against the [e]state was worthless because she was already barred from proceeding against the [e]state's assets by the nonclaim statute."  *Id.*  (Kannaday had not sued the estate until eight months after the decedent's death.  *Id.* at 828.)  The Kansas Court of Appeals agreed with the estate and held that the settlement agreement was invalid because it was not supported by consideration of any kind.  *Id.* at 833.

"Notwithstanding the settlement agreement, Kannaday could not execute on [e]state assets because of the bar of the nonclaim statute, K.S.A. [§ ]59–2239." *Id.* at 832. Just so here.

But Plaintiff, as previously noted, argues against this result for several additional reasons. First, Plaintiff points out that she also agreed to pay the estate's attorney's fees and expenses. But all court costs incurred in a proceeding under § 59-2239(2) are taxed to the plaintiff by default. *Id.* ("All court costs incurred in a proceeding under this subsection shall be taxed to the petitioner."). And those costs include the expenses and compensation for the fiduciary and fiduciary's counsel. K.S.A. §§ 59-1717; 59-104(d). Thus, a promise to pay the estate's attorney's fees and expenses is merely a promise to do what Plaintiff was already bound to do, which is not consideration at all. *Apperson v. Sec. State Bank*, 215 Kan. 724, 528 P.2d 1211, 1219 (1974) ("It is also the rule in this jurisdiction that an agreement to do or the doing of that which a person is already bound to do does not constitute a sufficient consideration for a new promise.").

Plaintiff also argues that the judgment rule defeats Defendant's argument because a bad faith claim for failure to settle within the policy limits can be asserted against the insurer even when the insured is insolvent.

In *Farmers Insurance Exchange v. Schropp*, 222 Kan. 612, 567 P.2d 1359 (1977), the Supreme Court of Kansas adopted the judgment rule. *See id.* at 1368–69. Under the judgment rule, payment of an excess judgment is not a condition of recovery, so the insured can sue the insurer for bad faith even when the insured cannot pay an excess judgment. *See id. Farmers Insurance* thus explains when the *insured* can file a lawsuit against the insurer. The judgment rule does not address when a *third party* can stand in the shoes of the insured. The covenant not to execute against the estate's assets fails to have consideration not because of the insured's poverty

6

but because the nonclaim statute already prevents such execution. Thus, the judgment rule does not salvage a covenant unsupported by consideration. Plaintiff's argument on this point fails.

Finally, Plaintiff presents arguments as to why the nonclaim statute should be tolled or should not apply. First, Plaintiff argues that the nonclaim statute is a statute of limitations that must be tolled due to her minority. Neither party points the court to caselaw addressing the relationship between the nonclaim statute and the tolling of statutes of limitations as to minors under K.S.A. § 60-515. However, it appears that the nonclaim statute is not subject to tolling under § 60-515. *In re Wood's Estate*, 198 Kan. 313, 424 P.2d 528 (1967) provides some helpful analysis.

The Kansas Supreme Court held in *Wood's Estate* that § 59-2239 was the applicable statute of limitations for a claim that accrued before the decedent's death but for which the general statute of limitations had not yet run at the time of decedent's death. *Id.* at 530, 534. In so holding, the Kansas Supreme Court had the option of either applying § 59-2239 or the general statute of limitations as extended by the tolling afforded to minors. In choosing § 59-2239, the Kansas Supreme Court noted that prior to the institution of the probate code in 1939, the former nonclaim statute contained an express exception for minors. *Id.* at 534. However, "[i]n the probate code (K.S.A. [§] 59-2239) [the nonclaim statute] was changed and the saving clause as to infants and others was deleted. A bar has been applied since that time to all demands or claims against a decedent which are not presented in the estate." *Id.* Thus, the Kansas Supreme Court held that "K.S.A.[§] 59-2239 becomes the controlling statute of limitations to be applied to *all claims* which exist at the date of death of a decedent." *Id.* (emphasis added).

Thus, while the court is unaware of any Kansas Supreme Court case directly addressing the facts before the court, it seems that the Kansas Supreme Court's broad holding as to the

7

applicability of § 59-2239 forecloses Plaintiff's argument that her minority tolls the nonclaim statute such that she could recover beyond insurance proceeds more than six months after her grandmother's death.  The removal of the exception for minors from the nonclaim statute also weighs against Plaintiff.  Plaintiff's minority could extend the time for bringing a claim under the tort claim exception in § 59-2239(2), but her recovery is still limited to insurance proceeds.  The court holds that the nonclaim statute applies notwithstanding Plaintiff's minority, and therefore her minority does not allow her to establish consideration for the covenant not to execute on assets of the estate, which is otherwise foreclosed by the nonclaim statute.

Plaintiff further argues that Defendant is equitably estopped from asserting the nonclaim statute.  Specifically, Defendant affirmatively induced Plaintiff to delay suing by failing to settle the claim when Plaintiff's family was willing to do so, therefore equitable estoppel applies.

A party asserting equitable estoppel has the burden to show that another party induced it to believe certain facts existed, that it reasonably relied and acted upon such belief, and it would be prejudiced if the other party were permitted to deny those facts.  *L. Ruth Fawcett Tr. v. Oil Producers Inc. of Kan.*, 315 Kan. 259, 290, 507 P.3d 1124, 1144 (2022).  A plaintiff must also show a defendant had a duty to speak, and thus an intent to deceive or a reason to believe others would be deceived, if the inducement is based on silence.  *Id.* at 1146.  Here, Plaintiff's argument is a bit nonsensical.  Plaintiff essentially argues that if Defendant had settled with Plaintiff on behalf of her grandmother, Plaintiff's tort lawsuit against her grandmother would not have been filed late because the lawsuit would have been unnecessary.  This line of reasoning would obliterate the statute of limitations for every bad faith insurance claim.  Furthermore, Plaintiff is limited to asserting the rights of the *estate* in the matter currently before the court rather than her own rights because she stands in the shoes of the estate with respect to its claim against Defendant.

By contrast, Plaintiff's argument for equitable estoppel is predicated on alleged actions of Defendant toward her, not toward the estate. (*See* Doc. 125 at 32 ("Autumn's family was not even told that defendant closed Autumn's file in early 2011. Autumn's reliance on defendant to act in good faith was to her detriment because that reliance caused what defendant claims after the fact was an untimely Estate.").) Plaintiff does not explain how Defendant is equitably estopped from asserting the nonclaim statute as to its insured. Therefore, equity does not salvage the covenant not to execute.[4] Therefore, in considering all the evidence before the court, Plaintiff has no standing to bring this suit because the covenant not to execute between Plaintiff and the estate whereby the estate assigned its rights against Defendant fails for lack of consideration.

**IV.  Conclusion**

The court therefore GRANTS Defendant's motion for summary judgment (Doc. 122.)

IT IS SO ORDERED.

Dated: December 21, 2023              /s/John W. Broomes
                                      JOHN W. BROOMES
                                      UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff in passing makes another purported equitable argument implying that this court should apply a four-factor test to determine whether the "shall" in the nonclaim statute is directory or mandatory. (Doc. 125 at 30–31.) Plaintiff does not argue the application of the factors or otherwise flesh out this argument other than to suggest that the court should find the nonclaim statute procedural and thus not enforce it. The court declines to address this argument because Plaintiff has not properly presented it.